UNITED STATES of America,
Appellants,

v.

Robert Charles GOUDREAU, Appellee.

No. 87–5403.

United States Court of Appeals,
Eighth Circuit.

Submitted April 12, 1988.
Decided Aug. 15, 1988.

Albert S. Glenn, Washington, D.C., for appellants.

Philip G. Villaume, St. Paul, Minn., for appellee.

Before ARNOLD and WOLLMAN, Circuit Judges, and ROSS, Senior Circuit Judge.

WOLLMAN, Circuit Judge.

This is an interlocutory appeal from a pretrial order suppressing a statement, not preceded by *Miranda* warnings, that Robert Charles Goudreau made to agents of the Federal Bureau of Investigation (FBI). Because we conclude that Goudreau was not in custody during the interview and

that the statement was voluntary, we reverse.

## I.

FBI agents investigated Goudreau, a Bureau of Indian Affairs police officer on the Turtle Mountain Indian Reservation, in connection with a civil rights complaint alleging that Goudreau had used excessive force during an arrest. The interview took place at the Law Enforcement Services Building on the reservation. Although the agents informed Goudreau that he was the subject of a civil rights investigation and that anything he said could be used against him at trial, complete *Miranda* warnings were not given. The agents explained that the interview was voluntary, and Goudreau was not placed under arrest or restrained in any way. Goudreau told the agents his version of the incident, and the agents asked follow-up questions. The agents used no coercive techniques or pressure. Goudreau was personally acquainted with one of the agents, who suggested at the end of the two-and-one-half-hour interview that Goudreau might want to look for another job.

A grand jury subsequently indicted Goudreau, charging him with violating an individual's constitutional right to be free from excessive force by an officer acting under color of law, in violation of 18 U.S.C. § 242. Goudreau then moved to suppress the statement he had made to the agents during the interview. The district court ruled that the statement was inadmissible because it had not been preceded by *Miranda* warnings and was not voluntarily given.

## II.

■ *Miranda* warnings are required prior to a custodial interrogation. *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966). An individual is "in custody" when he has been formally arrested or his freedom of move-

ment has been restrained to a degree associated with a formal arrest. *California v. Beheler*, 463 U.S. 1121, 1125, 103 S.Ct. 3517, 3520, 77 L.Ed.2d 1275 (1983) (per curiam). Relevant inquiries are whether the suspect is free to leave the scene, the purpose, place, and length of the questioning, and whether a reasonable person in the suspect's position would have considered himself to be in custody. *Leviston v. Black*, 843 F.2d 302, 304 (8th Cir.1988); *United States v. Bengivenga*, 845 F.2d 593, 596 (5th Cir.1988). The mere fact that an investigation has focused on a particular suspect does not trigger the need for *Miranda* warnings in noncustodial settings. *Minnesota v. Murphy*, 465 U.S. 420, 431, 104 S.Ct. 1136, 1144, 79 L.Ed.2d 409 (1984).

■ Goudreau was neither arrested nor restrained. The FBI agents explained to Goudreau that the interview was voluntary. Goudreau was free to leave at any time. Although Goudreau's supervisor had instructed him to meet with the agents at the appointed time, which Goudreau interpreted to be an order, this was not an act of the FBI agents and is irrelevant in determining whether Goudreau was in custody. The interview was not excessively lengthy and was held in the building housing Goudreau's chief of police, not in an FBI facility.[1] We conclude, therefore, that because Goudreau was not in custody during the interview, *Miranda* warnings were not required.

■ The government next argues that the district court erred in finding that Goudreau's statement was not voluntary. Pointing to the agent's suggestion that Goudreau look for another job as evidence of a too-relaxed atmosphere, the district court found that the nonthreatening nature of the interrogation had led Goudreau to "make disclosures which he would never have made had he understood the circumstances." Transcript III at 3.

---

**1.** The district court concluded that *Miranda* warnings should have been given because Goudreau did not take the interview seriously. The government argues, however, that whether Goudreau took the interview too lightly is irrelevant to the question of whether he was in custody.

We agree. The *Miranda* warnings are aimed at protecting a suspect from feeling that he has no choice but to submit to the officers' will and to confess. *Minnesota v. Murphy*, 465 U.S. at 433, 104 S.Ct. at 1145.

In disagreeing with the district court's finding, we note that " '[t]he voluntariness of a confession is a legal inquiry subject to plenary review by the appellate courts.' " *United States v. Rohrbach*, 813 F.2d 142, 144 (8th Cir.) (quoting *United States v. Wilson*, 787 F.2d 375, 380 (8th Cir.), *cert. denied*, 479 U.S. 857, 107 S.Ct. 197, 93 L.Ed.2d 129 (1986)); *cert. denied*, — U.S. —, 107 S.Ct. 2490, 96 L.Ed.2d 381 (1987).

Coercive official activity is a necessary predicate to a finding that a statement is not voluntary. *Colorado v. Connelly*, 479 U.S. 157, 107 S.Ct. 515, 522, 93 L.Ed.2d 473 (1986). The fifth amendment privilege against self-incrimination is not concerned with other types of psychological pressures. An incriminating statement is not involuntary unless extorted from the accused by means of coercive activity. *Rohrbach*, 813 F.2d at 144.

The FBI agents did not coerce Goudreau, who willingly gave his side of the story. There is no evidence suggesting that Goudreau's will was overborne or that his capacity for self-determination was impaired. Accordingly, the district court erred in finding that Goudreau's statement was not voluntary because of the nonthreatening atmosphere during the interview.

The district court's order suppressing Goudreau's statement is reversed, and the case is remanded to the district court for further proceedings.