**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charlie Wade POWELL,**
**Defendant–Appellant.**

No. 89–5809.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 5, 1990.

Decided Jan. 7, 1991.

Danny Thomas Ferguson, Peebles, Schramm & Ferguson, Winston–Salem, N.C., for defendant-appellant.

John Warren Stone, Jr., Asst. U.S. Atty., Greensboro, N.C. (Robert H. Edmunds, Jr., U.S. Atty., Greensboro, N.C., on brief), for plaintiff-appellee.

Before ERVIN, Chief Judge, and WILKINS and NIEMEYER, Circuit Judges.

WILKINS, Circuit Judge:

Charlie Wade Powell was convicted by a jury of possession of a firearm by a felon, 18 U.S.C.A. § 922(g)(1) (West Supp.1990), possession of cocaine with the intent to distribute, 21 U.S.C.A. § 841(a)(1) (West 1981), and use of a firearm during a drug trafficking crime, 18 U.S.C.A. § 924(c)(1)

---

(West Supp.1990). Powell's primary assignment of error on appeal is the determination by the district court that he was a career offender as defined by 28 U.S.C.A. § 994(h) (West Supp.1990). We find no error and affirm.

Because Powell's offenses occurred after November 1, 1987, his sentence is governed by the Sentencing Reform Act of 1984, 18 U.S.C.A. §§ 3551, *et seq.* (West 1985 & Supp.1990), and the sentencing guidelines promulgated by the United States Sentencing Commission. Pursuant to a Congressional mandate, the Sentencing Commission designed the guidelines to assure a term of imprisonment "at or near the maximum term" for a defendant who is at least 18 years of age, who is being sentenced for a conviction of a crime of violence or one of certain enumerated controlled substances violations, and who has at least two prior felony convictions for either a crime of violence or a statutorily designated controlled substance offense. *See* 28 U.S.C.A. § 994(h) (West Supp.1990). The sentencing guidelines provide that a defendant who meets these statutory criteria is a career offender and shall be assigned a criminal history category VI and an offense level corresponding to the statutory maximum sentence. United States Sentencing Commission, *Guidelines Manual*, § 4B1.1 (Oct. 1988).

Concluding that Powell was a career offender, the district court found that Powell was more than 18 years of age at the time he committed the instant offenses and that one of the offenses for which Powell was being sentenced was a designated controlled substance offense. The court also found that Powell had two prior qualifying convictions. The first prior conviction was a December 1969 conviction of attempted armed robbery for which he was sentenced to 20 years imprisonment and was paroled

in July 1976. Powell's second prior conviction was a June 1983 conviction of distribution of heroin.

Powell's offense level was correctly determined to be 32 because he met the requirements of career offender classification and was being sentenced for an offense (possession of cocaine with the intent to distribute) that carries a maximum penalty of 20 years imprisonment.[1] *See* U.S.S.G. § 4B1.1. Coupled with criminal history category VI, this offense level produced a sentencing guidelines range of 210 to 262 months. Citing Powell's poor health, the court departed downward and imposed a sentence of 186 months imprisonment.[2] The court also imposed a mandatory 60–month sentence for the conviction under 18 U.S.C.A. § 924(c)(1) (West Supp.1990).

I.

Powell claims that his conviction of attempted armed robbery should not have been counted as one of the two requisite prior offenses necessary to place him in career offender status. He relies on the first sentence of U.S.S.G. § 4A1.2(e)[3] that states:

(e) *Applicable Time Period*

(1) Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month that resulted in the defendant's incarceration during any part of such fifteen-year period.

The sentence for attempted armed robbery was imposed in December 1969. Powell argues that this offense should not be counted because the sentence was imposed

---

1. The district court grouped Powell's convictions under 18 U.S.C.A. § 922(g)(1) and 21 U.S.C.A. § 841(a)(1). U.S.S.G. § 3D1.2(c). The count carrying the highest offense level is used to determine the offense level for the grouped counts. U.S.S.G. § 3D1.3(a). Powell's controlled substance offense carries a maximum penalty of 20 years. 21 U.S.C.A. § 841(b)(1)(C) (West Supp.1990).

2. The government does not appeal this downward departure.

3. According to section 4B1.2, comment. (n. 4), section 4A1.2(e) applies to the determination of whether a conviction should be counted in ascertaining career offender status under section 4B1.1.

more than 15 years prior to the time the instant offense commenced.

The second sentence of this section, however, provides that prior sentences resulting in "incarceration *during any part of such fifteen-year period*" are included in the career offender calculation. U.S.S.G. § 4A1.2(e)(1) (emphasis added). *See United States v. Dyer*, 910 F.2d 530 (8th Cir.) (prior conviction counted toward career offender status when conviction occurred more than 15 years before present offense, but incarceration extended into 15–year period), *cert. denied*, —— U.S. ——, 111 S.Ct. 276, 112 L.Ed.2d 232, —— U.S. ——, 111 S.Ct. 366, 112 L.Ed.2d 329 (1990); *see also United States v. Marshall*, 910 F.2d 1241 (5th Cir.1990). Powell was arrested for commission of the instant offense on October 20, 1988.[4] The 15–year period immediately preceding this date extends to October 20, 1973. The date of Powell's release from custody for the attempted armed robbery charge, July 12, 1976, was within the preceding 15–year period.[5] We hold that the district court properly included Powell's 1969 attempted armed robbery conviction as a prior felony conviction in applying the career offender provisions.

## II.

Powell also assigns error to the denial of his motions for a continuance and a competency hearing, the denial of additional time to subpoena defense witnesses, a comment by the district court regarding the sequence of witnesses, and the refusal of the court to allow hearsay testimony. We have reviewed these contentions and find no error in the rulings of the district court.

AFFIRMED.

---

4. Because this date unquestionably falls within 15 years of Powell's incarceration for the attempted armed robbery offense, we need not address the question of when the offense "commenced" within the meaning of U.S.S.G. § 4A1.2(e).

5. A November 1989 amendment to section 4A1.2(e)(1) added the words "whenever imposed" to the last sentence of this section so that it now reads: "Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period." U.S.S.G. § 4A1.2(e)(1) (Nov.1989).