UNITED STATES of America, Appellee,

v.

James Frank LYON, Jr., Appellant.

UNITED STATES of America, Appellee,

v.

Maurice L. EASON, Appellant.

UNITED STATES of America, Appellant,

v.

James Frank LYON, Jr; Maurice L. Eason; Timothy A. Doepel; John P. Whiteside; John R. Grobmyer III; John L. Witherspoon; Charles B. Whiteside; and Frank Grobmyer, Appellees.

Nos. 91–1360 to 91–1362.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1991.

Decided Nov. 8, 1991.

Rehearing Denied Jan. 2, 1992 in No. 91–1362.

---

William R. Wilson, Jr., Little Rock, Ark., argued (Timothy O. Dudley, on brief), for appellant Lyon.

Robert D. Smith, III, Little Rock, Ark., argued, for appellees.

Terry L. Derden, Little Rock, Ark., argued for the U.S. in nos. 91–1360 and 91–1361, and for appellant in no. 91–1362 (Charles A. Banks and Terry L. Derden, Little Rock, Ark., on brief for the U.S. in nos. 91–1360, 91–1361 and 91–1362. Katherine W. Hazard, Washington, D.C., on brief, for the U.S. in no. 91–1362.).

Before FAGG, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

WOLLMAN, Circuit Judge.

A magistrate judge[1] found Timothy A. Doepel, John P. Whiteside, John R. Grobmyer, John H. Witherspoon, Charles P. Whiteside, and Frank M. Grobmyer guilty of aiding in the exceeding of the daily bag limit and in the wanton wasting of migratory game birds. The district court reversed these convictions, 755 F.Supp. 249, and the United States appeals. James F. Lyon, Jr. and Maurice Eason appeal from the district court's order affirming their convictions for the same violations. We reverse in part and affirm in part.

### I.

In the early morning hours of December 17, 1989, Special Agents Wood and Parker of the United States Fish and Wildlife Service heard a large number of gunshots. They investigated, following the sound of the shots to Lyon's property.

As Agent Wood approached the hunting area, he heard two more large volleys of shots. The final volley consisted of fifteen to twenty shots during a three-to-five-second period. He observed two vehicles parked near the hunting area and heard duck calls. A short while later, he heard a boat motor starting up. Eight hunters (the defendants) exited the boat and approached the vehicles. Agent Wood identified himself and asked to see the defendants' licenses, duck stamps, shotguns, and shells. In compliance with the regulations, each defendant's gun was "plugged" so that it could contain only three shells at any one time. Agent Wood determined that everything was in proper order and that each defendant possessed the legal limit of ducks.[2]

Agent Wood then requested permission from Lyon, the owner of the property and the boat, to investigate the hunting area. Eason accompanied Agent Wood to the hunting area. The defendants and the

---

1. The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

2. The legal limit was two mallards per hunter, of which only one could be a hen, and one other duck of a different species, for a total of three

ducks. One hunter did possess two hen mallard ducks and one other duck, but the agent allowed him to swap one of the hen mallards with another hunter so that he could comply with the law.

agents agreed to meet at a later time at a clubhouse one mile from the hunting site.

Agent Wood and Eason returned to the hunting area along the same trail through the ice the boat had made earlier. It was apparent that no other boats had traveled down this trail. As they were traveling, Agent Wood encountered and retrieved two dead ducks. Upon arriving at the hunting scene, Agent Wood saw the blind and decoys used by the defendants. He also discovered and retrieved fifteen freshly killed ducks and one wounded duck. Agent Wood asked Eason how they could have killed so many ducks. Eason replied that the group had begun shooting when it was still dark, and that they therefore had no idea there were so many ducks on the water. Agent Wood then inspected the blind and found that it was just large enough to have accommodated the entire group of hunters and was constructed in a way that would allow each hunter to observe ducks both on the ice and in the water.

The agents and the defendants met at the clubhouse as scheduled, and *Miranda* warnings were given. Eason again stated that he had no idea there were so many ducks in the hunting area and that he felt responsible for the violation.

All eight defendants were charged with aiding violations of the Migratory Bird Treaty Act (MBTA), and the United States Fish and Wildlife Regulations. The MBTA provides:

> [E]xcept as permitted by [the] regulations * * *, it shall be unlawful at any time, by any means or in any manner, to pursue, hunt, take, capture, kill, * * * [or] possess, * * * any migratory bird[.]

16 U.S.C. § 703 (1991). The relevant regulations provide:

> No person shall take in any one calendar day, more than the daily bag limit or aggregate daily bag limit, whichever applies.

50 C.F.R. § 20.24 (1988).

> No person shall kill or cripple any migratory game bird * * * without making a reasonable effort to retrieve the bird, and, retain it in his actual custody[.]

*Id.* § 20.25.

As indicated earlier, the magistrate judge found each defendant guilty. The district court on appeal found that the evidence was sufficient to uphold Eason's conviction because of his statements to Agent Wood. The district court also sustained Lyon's conviction because of his status as the owner of the land and of all of the instrumentalities used in the hunt. The court reversed the convictions of the remaining six defendants, however, because it concluded that the evidence proffered by the government at trial was insufficient.

## II.

■ When reviewing the sufficiency of the evidence to support a criminal conviction, the government is entitled to the "benefit of all reasonable inferences which may be drawn from the evidence." *United States v. Manning*, 787 F.2d 431, 435 (8th Cir.1986). We view the evidence in the light most favorable to the government and will "reverse only if a reasonable fact-finder must have entertained a reasonable doubt about the government's proof of one of the offense's essential elements." *United States v. Ivey*, 915 F.2d 380, 383 (8th Cir.1990); *United States v. Dyer*, 910 F.2d 530 (8th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 276, 112 L.Ed.2d 232 (1990); *United States v. Hakeem Freeland Segon Funisho Noibi*, 780 F.2d 1419 (8th Cir. 1986). With all due respect to its analysis of the evidence, we conclude that the district court failed to apply this deferential standard of review and instead drew its own inferences from the evidence.

■ The magistrate judge was persuaded by the circumstantial evidence adduced at trial that each defendant was guilty of aiding in the exceeding of the daily bag limit, in violation of 50 C.F.R. § 20.24. To prove aiding and abetting, the government must demonstrate that each defendant "associated himself with the unlawful venture", "participated in it as something he wished to bring about", and "sought by his actions to make it succeed." *United States v. Foote*, 898 F.2d 659, 664 (8th Cir.), *cert. denied*, — U.S. —, 111

S.Ct. 112, 112 L.Ed.2d 81 (1990) (quoting *United States v. Lanier,* 838 F.2d 281, 284 (8th Cir.1988)).

■ The evidence indicated that each defendant presented to Agent Wood a legal limit of ducks and that the ducks over the limit were clearly visible from the duck blind. All of the defendants remained at the duck blind until the final volley. They were hunting in tight quarters, and, at least during the final three volleys, fired their guns in unison. There were no other boat trails through the ice, nor were there any other hunters in the area.

We believe that the magistrate judge could have found that each of the elements of the violation was established beyond a reasonable doubt. Once the legal limit was exceeded, each defendant was associated with an unlawful venture. Moreover, the magistrate judge could reasonably have determined that the defendants divided up the ducks the group had killed to satisfy each defendant's legal limit. By dividing up the ducks and thereby representing to Agent Wood the legal limit of ducks per hunter, with the knowledge that the group had killed more than the daily limit, each defendant participated in, and sought to bring about, the violation of 50 C.F.R. § 20.24.

■ The magistrate judge also concluded that each defendant aided the wanton waste of migratory waterfowl, in violation of 50 C.F.R. § 20.25. Eighteen ducks were visible on the water and around the duck blind, and in the boat trail the defendants used. A rational trier of fact could have concluded that each defendant was unaware of which ducks, or how many, he had killed. Indeed, Eason told Agent Wood that they had no idea how many ducks had been killed. We conclude that by failing to retrieve the ducks the group had shot, each defendant aided in the wanton waste of migratory waterfowl.

■ Eason contends that his statements to Agent Wood while in the boat should not have been admissible because no *Miranda* warnings had been given. We disagree. Lyons allowed Agent Wood to use his boat to investigate the hunting area. Eason was not required to accompany Agent Wood on his investigation of the hunting area and apparently volunteered to do so. The magistrate judge found, and we agree, that because Eason was not in custody when the statements were made *Miranda* warnings were not required. *See, e.g., Beckwith v. United States,* 425 U.S. 341, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976); *United States v. Mottl,* 946 F.2d 1366 (8th Cir. 1991); *United States v. Griffin,* 922 F.2d 1343 (8th Cir.1990); *United States v. Goudreau,* 854 F.2d 1097 (8th Cir.1988).

Eason and Lyon argue that their convictions are based on insufficient evidence. Because Eason and Lyon were in the same position as the other six defendants, we reject their challenge to the sufficiency of the evidence.

We therefore reverse the decision of the district court with respect to Timothy A. Doepel, John P. Whiteside, John R. Grobmyer, John H. Witherspoon, Charles P. Whiteside, and Frank M. Grobmyer, and remand with directions to reinstate the convictions entered by the magistrate judge. We affirm the convictions of both Eason and Lyon.