956 F.2d 1163
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Albert Manning SCOTT, Sr., Defendant-Appellant.
 No. 91-5549.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 21, 1992.
Decided March 4, 1992.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Hiram H. Ward, Senior District Judge. (CR-89-186-G)
 E. Raymond Alexander, Jr., Susan Hayes, Greensboro, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, Richard S. Glaser, Jr., Assistant United States Attorney, Erika B. Copen, Third Year Law Student, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before K.K. HALL, WILKINS and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Albert Manning Scott appeals his convictions for bank robbery and related offenses arising out of his robbery of the Wachovia Bank and Trust Company in High Point, North Carolina, on August 4, 1989. Scott's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues to appeal. Scott has filed a supplemental brief in which he claims that he was incorrectly classified as a career offender, that he was prejudiced by pretrial publicity concerning his case, and that he received the ineffective assistance of counsel at trial. Because none of Scott's claims have merit, and we discern no error in the proceedings below, we affirm.
 
 
 2
 * Scott claims that he was incorrectly classified as a career offender under the sentencing guidelines because a 1981 escape conviction for escaping from the Randolph County Prison Unit was used to classify him as a career offender. However, the record reveals that the two prior felony convictions for "crimes of violence" which resulted in Scott's classification as a career offender were a 1971 armed robbery conviction and a 1978 armed robbery conviction. This classification was proper. United States Sentencing Commission, Guidelines Manual, §§ 4A1.2(e)(1), 4B1.2(3), 4B1.2, comment. (n. 3) (Nov. 1990). See United States v. Dyer, 910 F.2d 530, 533 (8th Cir.), cert. denied, 59 U.S.L.W. 3277 and 59 U.S.L.W. 3326 (U.S.1990).
 
 
 3
 Scott also claims in his supplemental brief that the district court failed to instruct the jury on his exposure to pretrial publicity. To prevail on a claim that the pretrial publicity was so pervasively prejudicial that the district court's refusal to grant the motion for a change of venue was an abuse of discretion, the petitioner must show either actual prejudice or that the factual circumstances of the case require a presumption of prejudice. See United States v. De La Vega, 913 F.2d 861, 864 (11th Cir.1990), cert. denied, 59 U.S.L.W. 3769 (U.S.1991). Here, Scott has not alleged facts sufficient to be entitled to relief on this claim.
 
 
 4
 Scott also alleged that his trial counsel was ineffective. However, absent extraordinary circumstances not present here, this court does not address such claims on appeal unless it conclusively appears from the record that the defendant did not receive effective representation. See United States v. Percy, 765 F.2d 1199, 1205 (4th Cir.1985); United States v. Fisher, 477 F.2d 300 (4th Cir.1973).
 
 II
 
 5
 As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all arguable issues presented by this record and conclude that there are no nonfrivolous grounds for this appeal. Accordingly, we affirm the district court's judgment.
 
 
 6
 In the case of an unsuccessful appellant represented by appointed counsel, this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. See Plan of the United States Court of Appeals for the Fourth Circuit in Implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari and take such steps as are necessary to protect the rights of his client.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.