**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 97-4257

STEPHEN MULLINS,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-96-122)

Submitted: May 29, 1998

Decided: September 10, 1998

Before ERVIN, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jane Charnock, CHARNOCK & CHARNOCK, Charleston, West
Virginia, for Appellant. Rebecca A. Betts, United States Attorney,
Susan M. Arnold, Assistant United States Attorney, Charleston, West
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Stephen Mullins appeals his conviction and sentence after a guilty plea to conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846 (1994). Mullins' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that, in her view, there are no meritorious grounds for appeal. Mullins has filed a supplemental brief pro se, raising four additional issues. After a thorough review of the record, we affirm.

Mullins' counsel first contends that the district court erred in denying Mullins' pro se motion to withdraw the guilty plea because counsel was ineffective for failing to make the motion. For ineffective assistance of counsel to constitute a fair and just reason to withdraw a guilty plea, it must be of constitutional magnitude. See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). Mullins cannot show that counsel's failure to timely file the motion on his behalf prejudiced him. See United States v. Craig, 985 F.2d 175, 179 (4th Cir. 1993) (providing standard). Even if the motion had been timely filed, he did not establish, inter alia , that his plea was not knowing and voluntary. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991) (outlining factors courts consider in ruling on motion to withdraw).

Mullins also claims that the district court erred in denying his motion to withdraw his guilty plea because he "just didn't understand" that he could be sentenced as a career offender. Although Fed. R. Crim. P. 11 does not require the district court to inform Mullins of this possibility, the court did so. The court also informed Mullins of the statutory minimum and maximum sentences (the guideline range based on his classification as a career offender fell within that range), that the guideline range could not be determined until a presentence report was prepared, and otherwise fully complied with Rule 11. See United States v. Wilson, 81 F.3d 1300, 1307 (4th Cir. 1996) ("The key to a [Rule] 32(e) motion is whether or not the Rule 11 proceeding was properly conducted."). On these facts, we find no abuse

2

of discretion in the district court's denial of the motion to withdraw. See id. at 1305.

Mullins' counsel also disputes that Mullins was a career offender. We review this issue de novo. See United States v. Dickerson, 77 F.3d 774, 775 (4th Cir.), cert. denied, #6D6D 6D# U.S. ___, 65 U.S.L.W. 3259 (U.S. Oct. 7, 1996) (No. 95-9207). Mullins was in his thirties when he committed the offense, he pled guilty to conspiracy to distribute methamphetamine (a controlled substance offense), and he had two prior felony convictions for armed robbery and aggravated assault (crimes of violence). See U.S. SENTENCING GUIDELINES MANUAL §§ 4B1.1, 4B1.2, comment. (n.2) (1994). We also note that Mullins' 1978 armed robbery conviction qualified as a prior felony because Mullins served a portion of the ten-year sentence during the fifteen-year period predating the commencement of the instant offense. See USSG § 4A1.2(e)(1); USSG § 4B1.2, comment. (n.4) (stating that § 4A1.2(e)(1) applies to the counting of convictions under § 4B1.1); United States v. Powell, 922 F.2d 212, 213-14 (4th Cir. 1991). Therefore, the district court did not err in classifying Mullins as a career offender. See Dickerson, 77 F.3d at 775.

Mullins raises four claims in his supplemental pro se brief, none of which merit extended discussion. First, Mullins' claims that his guilty plea was not knowing and voluntary because he was threatened with false information provided by his counsel and he was misled by the plea agreement's failure to contain the word "conspiracy." This claim is meritless. At the Fed. R. Crim. P. 11 hearing, Mullins stated that he had not been threatened or coerced and that he understood he was pleading guilty to conspiracy to distribute methamphetamine. See United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991) (stating that defendant's statement at Rule 11 hearing that he was not coerced or threatened constitutes "strong evidence of the voluntariness of his plea"); Via v. Superintendent, Powhatan Correctional Ctr., 643 F.2d 167, 171 (4th Cir. 1981) (holding that statements made at plea hearing that facially demonstrate plea's validity are conclusive absent a compelling reason why they should not be, such as ineffective assistance of counsel). Next, although Mullins claims that the district court held him accountable for drugs that were not reasonably foreseeable to him, no plain error resulted given that Mullins was a career offender. See United States v. Perkins, 108 F.3d 512, 516 (4th Cir. 1997) (stat-

ing standard of review). Third, Mullins contends that he was not allowed to present mitigating evidence at sentencing, as required by Fed. R. Crim. P. 32(c)(3)(C). Because the record belies his claim, there was no plain error. See United States v. Cole, 27 F.3d 996, 998 (4th Cir. 1994) (applying plain error analysis to claim of denial of allocution). Finally, Mullins' numerous claims of ineffective assistance of counsel should be raised in a motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998), and not on direct appeal, because the record does not conclusively show that counsel was ineffective. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).

As required by Anders, we have examined the entire record and find no other meritorious issues for appeal. Because the record discloses no reversible error, we affirm Mullins' conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED