# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1175

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　 *
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　　v.　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　District of Nebraska.
Tom Hutson,　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*　　　　　[UNPUBLISHED]
　　　　　　Appellant.　　　　　　*

_____

Submitted: July 25, 2001

Filed:　September 25, 2001

_____

Before WOLLMAN, Chief Judge, HANSEN, and MORRIS SHEPARD ARNOLD,
　　　Circuit Judges.

_____

PER CURIAM.

　　　Tom Hutson appeals the district court's[1] order affirming the magistrate judge's[2] judgments of conviction for three federal wildlife violations. We affirm.

_____

　　　[1]The Honorable Richard G. Kopf, Chief United States District Judge for the District of Nebraska.

　　　[2]The Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska.

The violation notices charged that on January 6, 1998, Mr. Hutson "did unlawfully fail to keep records as required of a taxidermist, to wit; did not keep accurate records of operations, on a calendar year basis, showing the names and addresses of persons from and to whom migratory birds were received or delivered, the number and species, and the dates of receipt and delivery," in violation of 16 U.S.C. § 703 and 50 C.F.R. § 21.24(d)(1); that on January 6, 1998, he "did unlawfully receive, possess and store, improperly tagged migratory game birds taken by another," in violation of 16 U.S.C. § 703 and 50 C.F.R. § 21.24(d)(2); and that on May 31, 1994, he "did unlawfully import, export, carry and transport in interstate commerce, non-living endangered species specimens, to wit; two (2) tiger cubs and one (1) snow leopard," in violation of 16 U.S.C. § 1531 and 50 C.F.R. § 17.21(g).

After a bench trial at which federal and state wildlife agents testified for the government, and Mr. Hutson and his wife testified for the defense, the magistrate judge found Mr. Hutson guilty of the charged violations, fined him, and ordered him to pay special assessments. The district court initially dismissed as untimely Mr. Hutson's appeal of the magistrate judge's decison; on remand for consideration of the appeal, the district court affirmed.

In the instant appeal, Mr. Hutson contends the government's evidence was insufficient. Specifically, he argues that although he did not keep records diligently, the government's evidence was insufficient to link any of the migratory birds he stored to any person who may have given them to him for mounting, and that the government did not prove when he committed the endangered-species violation.

Reviewing the sufficiency of the evidence here, we give the government the benefit of all reasonable inferences which may be drawn from the evidence; we will reverse only if a reasonable fact-finder must have entertained a reasonable doubt about the government's proof of one of the offense's essential elements. See United States v. Lyon, 949 F.2d 240, 242 (8th Cir. 1991). Because Mr. Hutson offered evidence following the government's case-in-chief, we review his sufficiency-of-the-evidence

claim on the basis of the record as a whole.  <u>See, e.g.</u>, <u>United States v. Porter</u>, 994 F.2d 470, 475 n.8 (8th Cir. 1993) (considering defendant's evidence, i.e., his trial testimony, in sufficiency-of-evidence review).

As to the two bird-related violations, the government proved that Mr. Hutson possessed in his shop on January 6 the following migratory birds:  a Canada goose, two snow geese, a goldeneye (duck), a wigeon (duck), a mandarin duck, a mourning dove, a hummingbird, and two owls.  <u>See</u> 50 C.F.R. § 10.13 (list of migratory birds covered by Migratory Bird Treaty Act (16 U.S.C. §§ 703-711)).  All but the hummingbird and owls were migratory game birds.  <u>See</u> 50 C.F.R. §§ 20.11(a)(1)-(2), 10.13, 20.103, 20.105.  The government proved that Mr. Hutson, as a holder of a federal taxidermy permit, did not keep accurate records on the migratory birds as required by section 21.24(d)(1):  Mr. Hutson concedes he did not keep records diligently, and the trial testimony revealed that his work-order book was missing address and date information.  There also was evidence from which the fact-finder could conclude that Mr. Hutson was given migratory game birds by others, and that he failed to tag them as required by 50 C.F.R. §§ 21.24(d)(2) and 20.36.

As to the remaining violation, snow leopards and tigers are endangered species.  <u>See</u> 50 C.F.R. § 17.11(h).  The government presented uncontradicted testimony that Mr. Hutson received these captive-bred non-living animals in Texas for a commercial purpose and possessed them in Nebraska.  <u>See</u> 50 C.F.R. § 17.21(g)(iii).  Other evidence showed when the offense occurred.

Accordingly, we affirm, and we grant counsel's pending motion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.