**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                              No. 01-4735

VINCENT MYERS,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert C. Chambers, District Judge.
(CR-01-99)

Submitted: February 27, 2002

Decided: March 18, 2002

Before WIDENER, WILKINS, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

James E. Spurlock, SPURLOCK LAW OFFICES, Huntington, West
Virginia, for Appellant. Kasey Warner, United States Attorney, Lisa
A. Green, Assistant United States Attorney, Huntington, West Vir-
ginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Vincent Myers appeals his ninety-six-month sentence imposed after he pled guilty to distribution of crack cocaine, in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2001). Myers' attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising several sentencing issues but stating that, in his view, there are no meritorious grounds for appeal. Myers was informed of his right to file a pro se supplemental brief but has not done so. We affirm.

Counsel first contends that the district court erred in relying on information from Joseph Cook in establishing Myers' base offense level because the information contained in the presentence report was based on Cook's inherently unreliable testimony before the grand jury. In establishing Myers' offense level, however, the district court did not rely on Cook's grand jury testimony. Rather, the court attributed to Myers only the 12.9 grams of crack that was delivered during the controlled buy. We therefore find no plain error in the district court's determination of the amount of drugs attributable to Myers. *See United States v. McAllister*, 272 F.3d 228, 230-31 (4th Cir. 2001) (stating standard of review).

Next, Myers asserts that the district court erred by reviewing the portions of the presentence report that listed his juvenile and arrest records. There were no criminal history points assessed for Myers' juvenile convictions or for his prior arrests. Thus, Myers is not entitled to relief on this claim.

Finally, counsel asserts on appeal that the district court should not have counted Myers' convictions that occurred more than fifteen years before he committed the instant offense. Under *U.S. Sentencing Guidelines Manual* § 4A1.2(e)(1) (2000), any sentence of imprisonment exceeding one year and one month that resulted in defendant's incarceration during the fifteen-year period predating the commencement of the instant offense may be properly considered. USSG § 4A1.2(e)(1). The sentences of imprisonment imposed for Myers' 1981 and 1985 breaking and entering convictions resulted in his incarceration during the fifteen-year period preceding his October

2000 criminal conduct in the instant case because he was discharged from custody in December 1990—well within the fifteen-year period. *See United States v. Powell*, 922 F.2d 212, 213-14 (4th Cir. 1991). We therefore find that the district court did not err in assessing six criminal history points for these convictions. *See United States v. Colton*, 231 F.3d 890, 911 (4th Cir. 2000) (stating standard of review).

As required by *Anders*, we have examined the entire record and find no other meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*