UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.

VAUGHAN DIEGO BUTLER, a/k/a Q,
a/k/a Keith Butts,
              *Defendant-Appellant.*

No. 01-4755

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph Robert Goodwin, District Judge.
(CR-01-51)

Submitted: October 24, 2002

Decided: November 19, 2002

Before WIDENER and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Michael R. Cline, MICHAEL R. CLINE LAW OFFICE, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, John J. Frail, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Vaughan Diego Butler appeals his conviction and 210-month sentence for aiding and abetting the possession with intent to distribute more than fifty grams of crack cocaine, in violation of 18 U.S.C. § 2 (2000), and 21 U.S.C. § 841 (2000). Butler's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), asserting that the Government failed to move for a reduction in Butler's sentence under Fed. R. Crim. P. 35(b), based upon substantial assistance but stating that, in his view, there are no meritorious issues on appeal. Butler has filed a pro se supplemental brief raising three issues. We affirm.

Counsel contends that the Government should have filed a Rule 35(b) motion based upon Butler's substantial assistance. Counsel acknowledges that the Government may file a Rule 35(b) motion within one year after Butler was sentenced and may consider assistance provided before sentencing. To the extent that counsel contends that the Government should have moved at sentencing for a downward departure under *U.S. Sentencing Guidelines Manual* § 5K1.1, p.s. (2000), based upon substantial assistance, the Government was not obligated under the plea agreement to do so. Nor did Butler allege that the Government's failure to file a § 5K1.1 motion was based upon an unconstitutional motive or was not related to a legitimate government end. *United States v. LeRose*, 219 F.3d 335, 341-42 (4th Cir. 2000) (citing *Wade v. United States*, 504 U.S. 181, 185-86 (1992)). We therefore find that Butler is not entitled to relief on this claim.

In his pro se supplemental brief, Butler contends that the district court erred in applying a two-level enhancement under USSG § 2D1.1(b)(1), for possession of a weapon. We find that the district court did not clearly err in determining that it was not "clearly

improbable that the weapon was connected with the offense." USSG § 2D1.1(b)(1), comment. (n.3); *United States v. McAllister*, 272 F.3d 228, 234 (4th Cir. 2001) (stating standard of review).

Next, Butler contends that, at sentencing, the district court violated the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), by determining drug quantity and the applicability of the weapon enhancement by a preponderance of the evidence. Because Butler did not raise an *Apprendi* argument in the district court, we review his claim for plain error and find none. *United States v. Carter*, 300 F.3d 415, 428-29 (4th Cir. 2002) (discussing standard). Butler's 210-month sentence falls within the statutory maximum set forth in 21 U.S.C. § 841(b)(1)(A)(ii) and, therefore, does not implicate *Apprendi*. *United States v. Angle*, 254 F.3d 514, 518 (4th Cir.) (en banc), *cert. denied*, 122 S. Ct. 309 (2001); *United States v. Kinter*, 235 F.3d 192, 199-202 (4th Cir. 2000) (holding that *Apprendi* does not apply to judge's exercise of discretion within statutory range, as long as sentence imposed does not exceed statutory maximum), *cert. denied*, 532 U.S. 937 (2001).

Finally, Butler contends that the district court should not have counted his sentence of one and a half to five years confinement for a 1983 armed robbery conviction in the calculation of his criminal history score because he was seventeen when he committed the offense and because the conviction was more than fifteen years old. We review a district court's factual findings at sentencing for clear error and its related legal conclusions, including the application of the sentencing guidelines, de novo. *United States v. Colton*, 231 F.3d 890, 911 (4th Cir. 2000).

Section 4A1.2(d) of the sentencing guidelines governs offenses committed before a defendant's eighteenth birthday. That section provides that "[i]f the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month," three criminal history points should be added to his criminal history score. USSG § 4A1.2(d)(1). We have held that for a conviction to be counted under USSG § 4A1.2(d)(1) and Application Note 7, a defendant "must have received an adult conviction and an adult sentence of imprisonment exceeding one year and one month." *United States v. Mason*, 284 F.3d 555, 560 (4th Cir. 2002). We conclude that Butler

received an adult conviction and sentence for his armed robbery conviction and that, although Butler was seventeen at the time he committed the offense, the conviction was properly counted in his criminal history score.

Butler's claim that the armed robbery conviction was too old to be counted also fails. Under USSG § 4A1.2(e)(1), any sentence of imprisonment exceeding one year and one month that resulted in defendant's incarceration during the fifteen-year period predating the commencement of the instant offense may be properly considered. USSG § 4A1.2(e)(1). Butler was incarcerated for the 1983 armed robbery conviction during the fifteen-year period preceding his January 2001 criminal conduct in the instant case. *See United States v. Powell*, 922 F.2d 212, 213-14 (4th Cir. 1991). We therefore find that the district court did not err in assessing three criminal history points for this conviction.

As required by *Anders*, we have examined the entire record and find no meritorious issues for appeal. We therefore affirm Butler's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*