**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4965

ALEXANDER VONZELL CLARK,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Salisbury.
N. Carlton Tilley, Jr., District Judge.
(CR-96-69)

Submitted: July 8, 1997

Decided: August 19, 1997

Amended: July 30, 2014

Before HALL, WILKINS, and MOTZ, Circuit Judges.

———————————————————————————

Affirmed by unpublished per curiam opinion.

———————————————————————————

**COUNSEL**

Tamura D. Coffey, WILSON & ISEMAN, L.L.P., Winston-Salem,
North Carolina, for Appellant. Walter C. Holton, Jr., United States
Attorney, Paul A. Weinman, Assistant United States Attorney,
Winston-Salem, North Carolina, for Appellee.

———————————————————————————

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Alexander Clark was convicted upon his guilty plea to one count of conspiring to distribute cocaine and crack, 21 U.S.C. § 846 (1994), for which he was sentenced to 210 months imprisonment. He appeals, claiming that the district court clearly erred in imposing a two-level enhancement for obstruction of justice, USSG § 3C1.1.[1] We affirm.

Clark was indicted in April 1996 along with Andre Paul Gaston. Before his indictment and while Clark was in state custody awaiting trial on state drug charges, he was approached by a representative of Gaston's attorney and asked to sign an affidavit exonerating Gaston. Clark signed the affidavit in which he stated that he (Clark) was solely responsible for the drugs at issue and that Gaston "did not know about the cocaine. . . . It belonged to me." The affidavit was never used, however, and was apparently not properly notarized under applicable state law.[2] The affidavit was discovered by the Government during pre-trial discovery. At sentencing, the district court imposed a two-level enhancement under USSG § 3C1.1, finding that Clark had made "a knowing false statement . . . for the purpose of influencing the action of a judicial officer."

Clark claims that the district court erred in imposing the enhancement because: (1) he did not "willfully" obstruct justice; (2) the affidavit was never actually used; (3) the information was not "material;" (4) the false information did not relate to Clark's offense; (5) the affidavit was invalid under North Carolina law; and (6) the adjustment in these circumstances is "inherently unfair and unjust" (Brief of Appellant, p. 22) because Gaston's attorney behaved in an unethical manner in approaching Clark.

We review the district court's factual findings for clear error. See

---

[1] United States Sentencing Commission, Guidelines Manual, § 3C1.1 (Nov. 1995).
[2] The law clerk who witnessed Clark's signature was not the notary who attested to the signature in the notary acknowledgment.

United States v. Puckett, 61 F.3d 1092, 1095 (4th Cir. 1995). The court's determination that particular conduct qualifies for the adjustment is reviewed de novo. United States v. Saintil, 910 F.2d 1231, 1232 (4th Cir. 1990). Section 3C1.1 provides for a two-level increase if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." USSG § 3C1.1. "A wide range of conduct falls within the parameters of this section." See United States v. Hicks, 948 F.2d 877, 883 (4th Cir. 1991). The commentary to USSG § 3C1.1 contains a non-exhaustive list of examples of the types of conduct covered by the guideline, including "providing materially false information to a judge or magistrate." USSG § 3C1.1, comment. (n.3(f)).

Clark first claims that he did not "willfully" obstruct or impede the investigation because, as he testified at his sentencing hearing, he did not know what Gaston knew or did not know and that he expressed concern to the law clerk about the affidavit's accuracy. The district court took into consideration Clark's testimony, the affidavit itself, the testimony of Gaston's attorney, and a tape recording of a conversation among Clark, Gaston, and another individual clearly showing Gaston's involvement in the conspiracy. The district court found Clark's testimony not credible and that finding is not subject to review. See United States v. Saunders, 886 F.2d 56 (4th Cir. 1989).

Next, Clark contends that Application Note 3(f) does not apply because the affidavit was never actually used--i.e., it was never presented to a judge, magistrate, or the prosecutor handling Gaston's case. However, USSG § 3C1.1 specifically includes attempts within its definition of obstruction of justice. At the time he signed the affidavit, Clark was told that it would be presented to the court the following day for the purpose of obtaining Gaston's release on bond. As the district court properly concluded, Clark signed the affidavit "with the intent of making a statement he knew was false at the time for the purpose of assisting his friend Mr. Gaston in getting out of jail."

Third, Clark claims that the information included in the affidavit was not "material" to the issue under determination because no judge or magistrate ever considered the affidavit, and because it was not relevant to Gaston's bond hearing. We have already concluded that

3

Clark's execution of the affidavit constituted an attempt within the meaning of USSG § 3C1.1. Further, the information in the affidavit concerned the criminal culpability of Clark's codefendant and was, therefore, clearly "material" to Gaston's criminal proceedings.

Clark's fourth claim is that the adjustment does not apply because the false information contained in the affidavit did not relate to Clark's crime, but to Gaston's. However, the adjustment may be applied where the defendant lied about another's involvement in the crime. See United States v. Dyer, 910 F.2d 530, 533 (8th Cir. 1990) (upholding adjustment where defendant "freely admitted her own crimes on the witness stand" but lied about another's involvement).

Clark's fifth claim is based on his assertion that the affidavit was presumptively invalid under North Carolina law. However, he has provided no authority--and we are not aware of any--that would make the validity of the affidavit a prerequisite to finding that Clark attempted to obstruct justice.

Finally, Clark asserts that application of the enhancement is "inherently unfair and unjust" because Gaston's attorney behaved unethically in obtaining the affidavit. We find this claim without merit. The attorney's behavior aside, Clark made a knowingly false statement that he believed would be presented in state court to obtain Gaston's release from jail.

Accordingly, we find that the district court did not clearly err in enhancing Clark's sentence under USSG § 3C1.1. His sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4