**UNITED STATES of America, Appellee,**

v.

**Jennifer SCOGGINS, Appellant.**

No. 92–3489.

United States Court of Appeals, Eighth Circuit.

Submitted March 16, 1993.

Decided April 23, 1993.

J. Blake Hendrix, Little Rock, AR, argued, for appellant.

Sandra W. Cherry, Little Rock, AR, argued, for appellee.

Before BOWMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MAGNUSON,* District Judge.

MAGNUSON, District Judge.

Appellant Jennifer Scoggins was charged by indictment with manufacturing marijuana and conspiracy to manufacture marijuana in violation of 21 U.S.C. § 841(a)(1). On June 18, 1992, the indictment was dismissed by agreement of the parties; subsequently appellant waived indictment and pled guilty to a one-count information charging her with conspiring to manufacture marijuana in violation of 18 U.S.C. § 371. She was sentenced to a term of 41 months. On appeal, Appellant argues that the district court[1] erred in refusing to depart downward from the guideline range of 41 to 51 months. Appellant further argues that the district court erred in refusing to dismiss the indictment for pre-indictment delay and destruction of evidence. We affirm.

The marijuana was discovered by the Arkansas State Police around September 19, 1990 when a confidential informant reported to them that marijuana was being grown in Saline County, Arkansas. Subsequently, federal agents were notified and, along with state officials, entered the property and observed growing marijuana plants. Most of the marijuana plants were growing on appellant's property on a slope on the south side of a shed. The shed, also used in the growing operation, was on property belonging to co-defendant Jack Daughenbaugh. The plants were seized pursuant to a search warrant on September 19, 1990. Appellant was not indicted for this offense until March 17, 1992.

Appellant sought dismissal for pre-indictment delay. The government alleged that the delay was necessitated by the need to identify additional suspects and witnesses for trial. After conducting a hearing on the matter the district judge denied the motion to dismiss the indictment. The district court reasoned that the delay was necessary to interview witnesses, that no prejudice was shown, and that the government was simply trying to ensure that it could present proof beyond a reasonable doubt at trial. Thereafter, appellant pled guilty.

At the sentencing appellant moved for a downward departure from the guideline range based on her extraordinary family ties and responsibility. Testimony at the sentencing hearing showed that her husband was a severe diabetic, that her eight-year-old child suffered from severe Attention Deficit Hyperactivity Disorder and her four-year-old child suffered a speech articulation disorder. The district judge found that appellant's family responsibilities did not constitute extraordinary circumstances that would warrant a downward departure.

## I. District Court's Refusal to Downward Depart

On appeal, a sentence imposed by a district court will be upheld unless it

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines;

(3) is outside the range of the applicable sentencing guideline and is unreasonable. . . .

The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erro-

---

* The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

neous and shall give due deference to the district court's application of the guidelines to the facts.

*Id.* 18 U.S.C. § 3742(e).

■ Appellant sought a downward departure pursuant to section 5K2.0 of the Federal Sentencing Guidelines on the basis that appellant's individual circumstances were so extraordinary that they warranted departure. The following three prong test adopted by this Court in *United States v. Lang,* 898 F.2d 1378, 1379 (8th Cir.1990) is used to determine whether a departure is valid: (1) whether or not circumstances are, as a matter of law, of a kind or degree that they may appropriately be relied upon to justify departure; (2) are the circumstances supported by the record; and (3) if so, is the departure reasonable.

We have reviewed the record and conclude that the district court's finding are neither clearly erroneous nor contrary to law. In particular, the record supports the district court's finding that extraordinary circumstances did not exist. For example, the following colloquy took place between the Assistant United States Attorney and the appellant's family doctor at the sentencing hearing regarding the appellant's responsibilities to care for her diabetic husband.

Ms. Sandra Cherry: It's my understanding that you do not consider him to be disabled?

Dr. Carol Caruthers: I do not consider him to be disabled, no.

Ms. Cherry: And you do not consider him to be an invalid?

Dr. Caruthers: No.

. . . . .

Ms. Cherry: Now, the treatment that he requires, all the treatment that he requires can be self-administered, is that true?

Dr. Caruthers: That's correct.

Ms. Cherry: And he can give himself his own shots?

Dr. Caruthers: Yes.

Ms. Cherry: And he can measure his own sugar levels on his own?

Dr. Caruthers: Yes.

. . . . .

Based in part on this testimony, the district court concluded that defendant's husband could care for himself. The court further found that defendant's spendthrift trust allowed sufficient resources to provide professional help for the children during the mother's absence. These findings are well supported by the record. Moreover, as articulated by this court, the district court's findings at trial are not easily disturbed:

The dynamics of the situation may be difficult to gauge from the antiseptic nature of a sterile paper record. Therefore, appellate review must occur with full awareness of, and respect for, the trier's superior 'feel' for the case. We will not lightly disturb decisions to depart ... or related decisions implicating degrees of departure.

*United States v. Lang,* 898 F.2d 1378, 1380 (8th Cir.1990) (quoting *United States v. Diaz–Villafane,* 874 F.2d 43, 49–50 (1st Cir.) *cert. denied,* 493 U.S. 862, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989)). Therefore, this court holds that the district court's sentence was not imposed in violation of law and the court's refusal to downward depart was well within its discretion.

## II. District Court's Refusal to Dismiss Indictment for Pre–Indictment Delay

■ Appellant argues there was substantial delay by the government in presenting information to the grand jury and that delay prejudiced appellant. Approximately a year-and-a-half elapsed from the discovery of the growing marijuana until the presentation to the grand jury. The district court found this delay reasonable and declined to dismiss the indictment for several reasons. First, the district court found that as recently as one month before the matter was presented to the grand jury, the government interviewed witnesses. Second, the district court found that defendant failed to show that any delay resulted in either "actual or substantial" prejudice to her. Finally, the district court found that the government was simply attempting to make sure it had a sufficient case before bringing the matter to the grand jury.

■ Appellant was indicted well within the statute of limitations period. Thus, to establish a due process violation, appellant must establish that the delay resulted in

actual prejudice and was intentional and improperly motivated. *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *United States v. Meyer,* 906 F.2d 1247 (8th Cir.1990). To establish actual prejudice, appellant must prove that the pre-accusation delay substantially prejudiced her defense. *Id.* at 1251 (citations omitted). Appellant must also demonstrate that the government intentionally delayed either to gain a tactical advantage or to harass her. *Id.*

Appellant contends that a now dead witness could have established her innocence had there been less delay. However, to succeed the appellant must relate the substance of the testimony of the missing witness in sufficient detail to permit the court to accurately assess whether the information rendered unavailable by the delay is material to the accused defense. *United States v. Bartlett,* 794 F.2d 1285, 1290 (8th Cir.1986). Appellant has failed to do so. Further, the accused must establish that the missing testimony is not available from alternate sources. *Id.* Again, appellant has not established this. In addition, appellant has presented no evidence to support a conclusion of tactical delay or harassment. Therefore, the district court's refusal to dismiss the indictment was properly within its discretion.

III. District Court's Refusal to Dismiss Indictment for Destruction of Evidence

 Appellant next argues that the district court erred in refusing to dismiss the indictment because the marijuana plants had been destroyed by government agents. The district court denied defendant's motion reasoning that the plants were destroyed only after a video tape of the area was made showing "if not all, a substantial number of the plants, how they were situated, and how they were being tended." Further, the court reasoned that the harvested plants were counted, sampled and destroyed only after obtaining a court order pursuant to departmental policy. Thus, the court found there was no actual prejudice to appellant's defense.

In *Arizona v. Youngblood,* 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988) the United States Supreme Court held that unless a defendant can show bad faith on the part of police, failure to preserve potentially useful evidence does not constitute denial of due process of law. We have previously found that state authorities did not act in bad faith when destroying plants pursuant to court order and a state statute mandating the destruction of controlled substances. *See United States v. Malbrough,* 922 F.2d 458 (8th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2907, 115 L.Ed.2d 1071 (1991). Similar to *Malbrough,* the Arkansas state authorities destroyed the plants under department policy and pursuant to a court order. Moreover, prior to destroying the marijuana, the government agents sampled and video taped the plants.

Accordingly, we affirm the judgment of the district court.