Blanche Elizabeth DYER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 93–3649.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1994.

Decided May 9, 1994.

---

The appellant Blanch Elizabeth Dyer, was represented pro se.

Counsel who represented the appellee was Gary L. Hayward, Asst. U.S. Atty., of Des Moines, IA.

Before McMILLIAN, MAGILL and BEAM, Circuit Judges.

McMILLIAN, Circuit Judge.

Blanche E. Dyer appeals from the final order entered in the District Court[1] for the Southern District of Iowa, denying her second 28 U.S.C. § 2255 motion to vacate her sentence. For the reasons discussed below, we affirm.

In 1988, a jury found Dyer guilty of one count of conspiracy to distribute heroin and cocaine, fourteen counts of using communications facilities in connection with the conspiracy, and one count of distributing eight ounces of cocaine. The district court sentenced Dyer to concurrent prison terms of 230 months on the conspiracy count and 96 months on each of the other counts; four years supervised release; community service in lieu of a fine; and $800 special assessment. This court affirmed. *United States v. Dyer,*

910 F.2d 530 (8th Cir.), *cert. denied,* 498 U.S. 907, 111 S.Ct. 276, 112 L.Ed.2d 232 (1990).

Dyer filed a § 2255 motion raising several due process and ineffective-assistance claims. The district court denied the motion, and this court affirmed. *Dyer v. United States,* 972 F.2d 353 (8th Cir.1992) (No. 91–3567) (table).

In this second § 2255 motion, Dyer alleged that her 230–month nonparolable sentence was illegally imposed because the conspiracy for which she was convicted ended on August 19, 1988, before amendments[2] made the mandatory minimum sentence provisions of 21 U.S.C. § 841(b) applicable to conspiracy offenses. Thus, Dyer contended, her sentence violated the Ex Post Facto Clause, and she should be eligible for parole under 18 U.S.C. § 4205(b)(1) and entitled to good-time and work-time credits under §§ 4161 and 4162. Dyer also asserted that she received ineffective assistance from her trial, appellate, and postconviction counsel by their failure to raise her sentencing claim.

The district court denied relief, concluding, inter alia, that Dyer was not sentenced to a mandatory minimum term, and that she was properly sentenced under the 1984 Sentencing Reform Act, as amended by the Anti–Drug Abuse Act of 1986 (ADAA), Pub.L. No. 99–570, § 1002, 100 Stat. 3207–2 (codified at 21 U.S.C. § 841(b)(1) (1988)). This appeal followed. Dyer's motion to clarify an issue on appeal is granted.

On appeal, Dyer concedes that she did not receive a mandatory minimum sentence, but asserts that she nonetheless improperly received a nonparolable sentence. We note that the Sentencing Guidelines, authorized by the Sentencing Reform Act of 1984, became effective on November 1, 1987, and the nonparolable provisions of the ADAA of 1986 became effective on October 27, 1986. *See Gozlon–Peretz v. United States,* 498 U.S. 395, 409, 111 S.Ct. 840, 849, 112 L.Ed.2d 919 (1991); *United States v. Giltner,* 972 F.2d 1563, 1565 (11th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2383, 124 L.Ed.2d 286 (1993); *United States v. Tharp,* 892 F.2d 691,

---

1. The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

2. *See* Anti–Drug Abuse Act of 1988, Pub.L. No. 100–690, Title VI, § 6470(a), 102 Stat. 4181, 4377 (1988) (effective Nov. 18, 1988).

695 (8th Cir.1989) (Guidelines apply to any conspiracy ending after November 1, 1987). Thus, Dyer was properly subjected to a nonparolable sentence under the Guidelines for her November 1986–August 1988 conspiracy conduct. Dyer's claims of ineffective assistance of counsel fail because we have just rejected as meritless the claim Dyer asserts counsel should have pursued.

As to Dyer's claim for credits toward her sentence, the district court correctly concluded it lacked jurisdiction. *See United States v. Hutchings*, 835 F.2d 185, 186–87 (8th Cir.1987) (matters concerning execution of sentence must be brought in § 2241 petition in district where defendant is incarcerated).

Accordingly, we affirm the judgment of the district court.