Ronald R. **BELL**, Plaintiff-Appellant,

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

No. 94–2801.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 13, 1995.

Decided Feb. 27, 1995.

Clifford Schwartz, St. Louis, MO, for appellant.

John J. Ware, St. Louis, MO (Edward L. Dowd, Jr. and John J. Ware, on the brief), for appellee.

Before WOLLMAN, Circuit Judge, LAY, Senior Circuit Judge, and BEAM, Circuit Judge.

LAY, Senior Circuit Judge.

Ronald R. Bell appeals from the district court's[1] denial of his motion to vacate or correct his sentence under 28 U.S.C. § 2255. *Bell v. United States,* No. 4:92CV00749 ELF (E.D.Mo. May 31, 1994). We affirm.

## BACKGROUND

Bell was arrested by California authorities on December 28, 1987. Bell offers the following chronology of events: Shortly after his arrest, federal authorities placed a "no bond" order on him arising from activities in Missouri. On January 7, 1988, Bell was arraigned on the state charges and bail was set at $7,000. Because of the federal order, Bell was not allowed to make bail and remained in state custody. On April 7, 1988, Bell pled guilty to the state charges and was sentenced to two years. On July 13, 1988, federal authorities took custody of Bell and brought him to St. Louis where he was convicted in federal court of conspiracy to distribute cocaine, distribution of cocaine, carrying a firearm in commission of a felony, and possession of a firearm by a felon on September 27, 1988. On November 4, 1988, he was sentenced to eight years for the drug charges and five years for the firearm charges, the terms to run consecutively.[2] In January 1989, Bell was returned to California authori-

ties. He was released from state custody and returned to federal custody on June 23, 1989. Federal authorities have computed Bell's time served as beginning on June 27, 1989.

On April 22, 1992, Bell filed a motion in the United States District Court for the Eastern District of Missouri to vacate or correct his sentence under 28 U.S.C. § 2255. Bell claimed the sentencing judge failed to give him the amount of credit federal authorities should give him for time served. Bell argued he is entitled to credit for both time he spent in custody of California authorities because of the federal "no bond" hold order and for time he spent in federal custody awaiting his federal trial. He also alleged ineffective assistance of counsel on numerous grounds.

On February 10, 1994, a magistrate judge recommended Bell's motion be denied. He found that Bell was challenging the execution of his sentence and not its lawfulness. As such, Bell's claim was not cognizable under section 2255. The magistrate judge also considered and rejected Bell's argument on its merits. He further found Bell's claim of ineffective assistance of counsel groundless. The district court adopted the Findings and Recommendations of the Magistrate Judge and issued an order denying Bell's motion on May 31, 1994. Bell appealed.

## CREDIT FOR TIME SERVED

In this claim, Bell is not contending that his conviction was illegal, he is only contesting the execution of his sentence. This type of claim is not cognizable under section 2255. *See United States v. Hutchings,* 835 F.2d 185, 186 (8th Cir.1987). Bell could properly attack the execution of his sentence in a 28 U.S.C. § 2241(a) habeas petition. As the district court recognized however, it lacked subject matter jurisdiction to hear his petition because Bell was not incarcerated in the Eastern District of Missouri. If he chooses to file a section 2241(a) petition, Bell must do so in a court with jurisdiction over his present custodian. *Bra-*

---

1. The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

2. Bell's thirteen-year sentence was affirmed without a published decision in *United States v. Bell,* 881 F.2d 1081 (8th Cir.1989).

*den v. 30th Judicial Circuit Court,* 410 U.S. 484, 494–95, 93 S.Ct. 1123, 1129–30, 35 L.Ed.2d 443 (1973); *Thompson v. Missouri Bd. of Parole,* 929 F.2d 396, 398 (8th Cir. 1991). At the time of Bell's petition, he was serving his sentence at the Federal Correctional Institute in Memphis, Tennessee.[3]

## INEFFECTIVE ASSISTANCE OF COUNSEL

As to his ineffective assistance of counsel claim, Bell renews only one point he brought before the district court. Bell argues he received ineffective assistance of counsel because his attorney failed to argue Bell was denied due process in the decision of which jurisdiction, federal or state, would prosecute him. Bell's crimes in Missouri violated both Missouri and federal law. The two jurisdictions prescribe disparate penalties for his crimes. Bell claims it was solely up to the discretion of law enforcement officials to decide whether he should be prosecuted in federal or state court. Because the exercise of such discretion was unfettered, and because the ultimate decision had obviously significant consequences for him, Bell believes he was denied his Fourteenth Amendment right to procedural due process. He cites *United States v. Williams,* 746 F.Supp. 1076 (D. Utah 1990), in support, in which the court found a due process violation where no written policy or guidelines directed the referral of cases to federal prosecutors.

■ The Tenth Circuit rejected *Williams* on this point on appeal. *United States v. Williams,* 963 F.2d 1337, 1341–42 (10th Cir. 1992), *aff'g* and *remanding Williams,* 746 F.Supp. 1076. The Tenth Circuit held that without proof that the choice of jurisdiction was motivated by constitutionally impermissible factors, William's due process rights were not violated. This court adopted that reasoning in *United States v. Beede,* 974 F.2d 948, 953 (8th Cir.1992), *cert. denied,* —— U.S.

——, 113 S.Ct. 1016, 122 L.Ed.2d 163 (1993).[4] Bell offers no proof that he was prosecuted in federal court because of impermissible motivations. Consequently, this claim must fail.

Petitioner's claim filed under § 2255 for ineffective assistance of counsel is hereby denied and the judgment of the district court dismissing the claim with prejudice is affirmed. The order of the district court dismissing petitioner's claim to correct his sentence, relating to the execution of his sentence is vacated and the cause remanded with direction that the claim be denied without prejudice for lack of subject matter jurisdiction.

---

3. Bell is currently incarcerated in El Reno, Oklahoma.

4. In *Beede* we noted that the Third, Fifth, Sixth, and Seventh Circuits have also rejected such due process arguments. 974 F.2d at 953 (citing *United States v. Goodapple,* 958 F.2d 1402 (7th Cir. 1992); *United States v. Parson,* 955 F.2d 858 (3rd Cir.1992); *United States v. Allen,* 954 F.2d 1160, 1165–66 (6th Cir.1992); *United States v. Carter,* 953 F.2d 1449, 1461–62 (5th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 2980, 119 L.Ed.2d 598; (1992); *United States v. Andersen,* 940 F.2d 593, 595–97 (10th Cir.1991)).