_____

No. 95-3133
_____

United States of America,          *
                                    *
          Appellee,                 *
                                    *
     v.                             *
                                    *   Appeal from the United States
Frank James Cotton, also known      *   District Court for the
as Frank Cottin, Frank Johnson,     *   Western District of Missouri.
Arne Cotton, Mark Johnson,          *
Mark Wells,                         *          [UNPUBLISHED]
                                    *
          Appellant.                *


_____

          Submitted:  May 24, 1996

          Filed:  May 31, 1996
_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.

     Frank James Cotton pleaded guilty to being a felon in possession of
a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and the
district court[1] sentenced him to 180 months imprisonment and five years
supervised release, and ordered him to pay a $2,000 fine.  On appeal,
counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738
(1967).  We affirm.

     First, we reject the assertion that inclusion of information in a
presentence report regarding a defendant's pending charges and previous
arrests violates the Due Process Clause.  We also reject

_____

     [1]The Honorable Fernando J. Gaitan, Jr., United States District
Judge for the Western District of Missouri.

as conclusory and meritless the contention that the government's decision to detain Cotton for the instant offense was motivated by racial prejudice.

Next, we reject the assertion that preindictment delay warrants dismissal of Cotton's indictment. There is no indication that the time lapse between the offense and the indictment resulted in actual prejudice to Cotton's defense, or that the delay was intentional and improperly motivated. See United States v. Scoggins, 992 F.2d 164, 166-67 (8th Cir. 1993) (when defendant is indicted within statute of limitations, defendant must show delay substantially prejudiced defense and government intentionally delayed either to gain tactical advantage or harass). Finally, we reject the argument that counsel was ineffective for failing to move for dismissal of the indictment based on alleged preindictment delay. See Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir. 1994) (no ineffective assistance if claim defendant alleges counsel should have pursued is meritless).

After reviewing the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues.

Accordingly, the judgment is affirmed.

A true copy.

     Attest:

            CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.