86 F.3d 1159
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Frank James COTTON, also known as Frank Cottin, Frank
Johnson, Arne Cotton, Mark Johnson, Mark Wells, Appellant.
 No. 95-3133.
 United States Court of Appeals, Eighth Circuit.
 Submitted May 24, 1996.
Filed May 31, 1996.
 
 Appeal from the United States District Court for the Western District of Missouri.
 Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Frank James Cotton pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and the district court[1] sentenced him to 180 months imprisonment and five years supervised release, and ordered him to pay a $2,000 fine. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). We affirm.
 
 
 2
 First, we reject the assertion that inclusion of information in a presentence report regarding a defendant's pending charges and previous arrests violates the Due Process Clause. We also reject as conclusory and meritless the contention that the government's decision to detain Cotton for the instant offense was motivated by racial prejudice.
 
 
 3
 Next, we reject the assertion that preindictment delay warrants dismissal of Cotton's indictment. There is no indication that the time lapse between the offense and the indictment resulted in actual prejudice to Cotton's defense, or that the delay was intentional and improperly motivated. See United States v. Scoggins, 992 F.2d 164, 166-67 (8th Cir.1993) (when defendant is indicted within statute of limitations, defendant must show delay substantially prejudiced defense and government intentionally delayed either to gain tactical advantage or harass). Finally, we reject the argument that counsel was ineffective for failing to move for dismissal of the indictment based on alleged preindictment delay. See Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir.1994) (no ineffective assistance if claim defendant alleges counsel should have pursued is meritless).
 
 
 4
 After reviewing the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues.
 
 
 5
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri