_____

No. 95-4250
_____

Blanche Elizabeth Dyer,            *
                                   *
          Appellant,               *
                                   *   Appeal from the United States
     v.                            *   District Court for the
                                   *   Southern District of Iowa
United States of America,          *
                                   *       [UNPUBLISHED]
          Appellee.                *

_____

          Submitted:  May 24, 1996

             Filed:  June 4, 1996
_____

Before McMILLIAN, WOLLMAN and MURPHY, Circuit Judges.
_____


PER CURIAM.


     Blanche Elizabeth Dyer appeals from the final judgment of the
District Court[1] for the Southern District of Iowa denying her third 28
U.S.C. § 2255 motion to vacate her sentence.  For the reasons discussed
below, we affirm.


     Dyer was convicted of sixteen counts of drug trafficking offenses.
At sentencing, over Dyer's objection, the district court imposed a two-
level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1.
based on Dyer's perjured trial testimony that her husband and another
codefendant had no knowledge of the drug transactions.  The district court
found Dyer "testif[ied] both before the jury and before this Court strictly
to use testimony to her own benefit, if possible, and not to enlighten the
jury or the

_____

     [1]The Honorable Charles R. Wolle, Chief Judge, United States
District Court for the Southern District of Iowa.

Court on what the facts are," and that she "lie[d] on the witness stand, intentionally trying to use the opportunity to testify to mislead the Court."  The district court then sentenced Dyer to 230 months imprisonment.

Dyer appealed the obstuction-of-justice enhancement.  This court, affirming Dyer's sentence, concluded the district court's findings of perjury were not clearly erroneous.  United States v. Dyer, 910 F.2d 530, 533 (8th Cir.), cert. denied, 498 U.S. 907 (1990).  This court also affirmed the subsequent denials of Dyer's first and second section 2255 motions.  Dyer v. United States, 23 F.3d 1424 (8th Cir. 1994); id., 972 F.2d 353 (8th Cir. 1992) (Table).

In this third section 2255 motion, Dyer alleged that the district court failed to make independent findings necessary to establish any perjury to support the obstruction-of-justice enhancement as required by United States v. Dunnigan, 507 U.S. 87, 95-96 (1993).  The government argued that Dyer's section 2255 motion constituted an abuse of the writ and that the district court's findings met the requirements of Dunnigan and Eighth Circuit precedent.

The district court addressed the merits and concluded that the evidence had persuaded it beyond a reasonable doubt that Dyer testified falsely at trial and at sentencing, that she knew when she testified that her testimony was false, and that she knew her testimony would cause the government more difficulty in proving her husband's guilt.  Thus, because Dyer committed perjury that obstructed justice and the enhancement under U.S.S.G. § 3C1.1 was proper, the district court denied Dyer's motion to vacate.

Although Dyer's third section 2255 motion may constitute an abuse of the writ, we address the merits because the district court

-2-

did so.  See Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994) (per curiam).

In United States v. Dunnigan, 507 U.S. at 95, the Supreme Court concluded that "if a defendant objects to a sentence enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition."  See 18 U.S.C. § 1621 (perjury requires false testimony concerning a material matter with willful intent to provide false testimony, rather than from confusion, mistake or faulty memory).

We conclude that the district court's findings encompassed all the factual predicates for a perjury finding and were sufficiently specific to support the enhancement.  See United States v. Dunnigan, 507 U.S. at 93-94; United States v. Turk, 21 F.3d 309, 313 (8th Cir. 1994) (statement judge examined defendant's testimony and was convinced she committed perjury by denying her involvement was sufficiently specific finding).

Accordingly, we affirm the judgment of the district court.

A true copy.

   Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-