_____

No. 96-1602
_____

Jeffrey Jay Jones,                    *
                                      *
            Appellant,                *
                                      *  Appeal from the United States
      v.                              *  District Court for the
                                      *  Eastern District of Missouri.
United States of America,             *
                                      *      [UNPUBLISHED]
            Appellee.                 *


_____

            Submitted:  June 25, 1996

                Filed:  June 27, 1996
_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.


     After Jeffrey Jay Jones pleaded guilty to drug and weapon charges
under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c), the district court[1]
departed upward from the applicable Sentencing Guidelines range, and
sentenced Jones to a total of 270 months imprisonment.  We affirmed Jones's
convictions and sentence on direct appeal.  United States v. Jones, 908
F.2d 365, 366-69 (8th Cir. 1990).  Jones now appeals from the district
court's order denying his subsequent 28 U.S.C. § 2255 motion.  After de
novo review, see Holloway v. United States, 960 F.2d 1348, 1351 (8th Cir.
1992), we affirm.

---

[1]The Honorable Stephen N. Limbaugh, United States District
Judge for the Eastern District of Missouri.

We conclude the district court properly rejected Jones's challenge to the upward departure from the Guidelines range, because that claim was raised and decided adversely to him on direct appeal. See Dall v. United States, 957 F.2d 571, 572 (8th Cir. 1992) (per curiam). Jones also argues that trial counsel was ineffective for failing to challenge the denial of Jones's motion to withdraw his guilty pleas. Even assuming this claim-- which is raised for the first time on appeal--is properly before us, we held on direct appeal that the district court was well within its discretion in refusing to allow Jones to withdraw his pleas of guilty. See Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir. 1994) (no ineffective assistance if claim defendant alleges counsel should have pursued is meritless). Finally, because the record clearly shows that Jones was carrying a firearm and drugs when he was arrested for the charges underlying his convictions, we reject Jones's Bailey challenge to his section 924(c) conviction. See Bailey v. United States, 116 S. Ct. 501, 507-09 (1995) (defining "use" to preserve "carry" as alternative basis for § 924(c)(1) charge); United States v. White, 81 F.3d 80, 83 (8th Cir. 1996) (to sustain conviction for "carrying" firearm under § 924(c), government must prove defendant "bore the firearm on or about his person during and in relation to a drug trafficking offense").

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.