89 F.3d 840
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Jeffrey Jay JONES, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 96-1602.
 United States Court of Appeals, Eighth Circuit.
 Submitted June 25, 1996.
Filed June 27, 1996.
 
 Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 After Jeffrey Jay Jones pleaded guilty to drug and weapon charges under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c), the district court[1] departed upward from the applicable Sentencing Guidelines range, and sentenced Jones to a total of 270 months imprisonment. We affirmed Jones's convictions and sentence on direct appeal. United States v. Jones, 908 F.2d 365, 366-69 (8th Cir.1990). Jones now appeals from the district court's order denying his subsequent 28 U.S.C. § 2255 motion. After de novo review, see Holloway v. United States, 960 F.2d 1348, 1351 (8th Cir.1992), we affirm.
 
 
 2
 We conclude the district court properly rejected Jones's challenge to the upward departure from the Guidelines range, because that claim was raised and decided adversely to him on direct appeal. See Dall v. United States, 957 F.2d 571, 572 (8th Cir.1992) (per curiam). Jones also argues that trial counsel was ineffective for failing to challenge the denial of Jones's motion to withdraw his guilty pleas. Even assuming this claim--which is raised for the first time on appeal--is properly before us, we held on direct appeal that the district court was well within its discretion in refusing to allow Jones to withdraw his pleas of guilty. See Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir.1994) (no ineffective assistance if claim defendant alleges counsel should have pursued is meritless). Finally, because the record clearly shows that Jones was carrying a firearm and drugs when he was arrested for the charges underlying his convictions, we reject Jones's Bailey challenge to his section 924(c) conviction. See Bailey v. United States, 116 S.Ct. 501, 507-09 (1995) (defining "use" to preserve "carry" as alternative basis for § 924(c)(1) charge); United States v. White, 81 F.3d 80, 83 (8th Cir.1996) (to sustain conviction for "carrying" firearm under § 924(c), government must prove defendant "bore the firearm on or about his person during and in relation to a drug trafficking offense").
 
 
 3
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri