IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-20011

Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

JOHN NEST, a.k.a.
Francisco Perez

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
USDC No. CR-94-285-2

_____

October 23, 1996

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

John Nest, Texas prisoner # 66527-079, appeals the district court's order denying his "Motion for Order to Remission [sic] of Fine."  This court finds that it can not construe Nest's motion in any way that allows review or relief.

This court will not review this as a post-judgment criminal motion.  Nest does not argue that his motion should be interpreted this way.  Furthermore, we will not interpret it as such because

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

the motion itself does not seek a judgment of acquittal, Rule 29(c), request a new trial, Rule 33, challenge the indictment or jurisdiction, Rule 34, or ask for correction of a clerical mistake, Rule 36. Even if we were to interpret it as a post-judgment criminal motion, Nest filed his motion more than ten days after the district court entered judgment. FED. R. APP. P. 4(b). As Nest has not argued for an extension of time due to excusable neglect in filing, *id.*, the motion is not timely.

This court can not review Nest's motion as a § 2241 habeas corpus petition. Nest is incarcerated in Fairtown, New Jersey. However, Nest filed his motion in the Southern District of Texas. A § 2241 motion must be brought in the district in which a prisoner is incarcerated; if not, the court lacks jurisdiction. 28 U.S.C. § 2241; *Bell v. United States*, 48 F.3d 1042, 1043-44 (5th Cir. 1995).

We also can not consider Nest's motion as a prisoner's civil rights claim under 42 U.S.C. § 1983. It is possible that Nest might be able to articulate a valid § 1983 claim if he could state facts showing that the prison was forcing him to do without certain basic human necessities, so as to "threaten [his] health and safety and deprive [him] of basic hygiene and medical treatment . . . ." *See Williams v. Edwards*, 547 F.2d 1206, 1215 (5th Cir. 1977). However, because Nest has never filed any pleading against the

2

prison warden or any other prison staff, no § 1983 claim is currently before this court.

Finally, reviewing Nest's motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, we are unable to offer Nest relief. Nest's motion does not challenge his confinement, but only the amount of his fine. Such a motion is not within the ambit of § 2255. *United States v. Segler*, 37 F.3d 1131, 1137 (5th Cir. 1994) (holding that Congress "meant to limit the types of claims cognizable under § 2255 to claims relating to unlawful custody"); *United States v. Gaudet*, 81 F.3d 585, 592 (5th Cir. 1996). The district court thus correctly dismissed this motion.

AFFIRMED.