# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1709

_____

Vickie D. Gray,                          *
                                         *
            Appellant,                   *   Appeal from the United States
                                         *   District Court for the Western
      v.                                 *   District of Missouri.
                                         *
United States of America,                *      [UNPUBLISHED]
                                         *
            Appellee.                    *

_____

Submitted:  November 17, 1999

Filed:  November 23, 1999

_____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

A jury convicted Vickie D. Gray of certain drug-related offenses. At Gray's sentencing hearing, the district court applied a two-level weapon enhancement to Gray's base offense level, producing a total offense level of 30 with a sentencing range of 108 to 135 months. The district court gave Gray a 108-month sentence, stating:

> I don't think that it's appropriate to sentence you at the top end of the guideline because you have a weakness for controlled substances. But nevertheless the offenses for which you have been convicted . . . are

serious offenses and impact the lives of people far beyond yourself and your family. And so for those reasons I think the sentence of 108 months is appropriate.

The district court acknowledged there was little evidence supporting the weapon enhancement and agreed to reconsider the issue following the sentencing hearing. In its written sentencing order, the district court decided the weapon enhancement was inappropriate, decreased Gray's offense level to 28 with a sentencing range of 87 to 108 months, and stated, "The Court believes the appropriate sentence in this case to be 108 months . . . . The remaining terms of [Gray's] sentence shall remain as announced at the sentencing hearing." After an unsuccessful direct appeal, Gray filed a 28 U.S.C. § 2255 motion, which the district court denied.

Gray appeals the denial of her § 2255 motion, contending her trial and appellate counsel were ineffective for failing to argue that the oral pronouncement of sentence and the written sentencing order conflict. Gray asserts a conflict exists because the district court stated at the hearing that it would sentence her at the low end of the 108 to 135 month range applicable for an offense level of 30, but in its written order did not sentence Gray to the low end of the 87 to 108 month range applicable once the district court removed the weapon enhancement. We disagree. Although Gray correctly states that an oral pronouncement of sentence controls over conflicting terms in a written sentencing order, see United States v. Tramp, 30 F.3d 1035, 1037 (8th Cir. 1994), the oral pronouncement and the written order in this case do not conflict. At the sentencing hearing, the district court decided that a sentence at the high end of the range applicable for an offense level of 30 was inappropriate and sentenced Gray to 108 months. After removing the weapon enhancement and lowering the offense level to 28, the district court explicitly reimposed the 108-month sentence and all other sentencing terms stated at the hearing. The district court also reiterated in its written order its view stated at the hearing that the 108-month sentence was appropriate, given the circumstances of this case. Because there was no conflict between the oral

pronouncement of sentence and the written sentencing order, Gray was not prejudiced by the failure of her counsel to raise this meritless contention and her ineffective assistance of counsel claim fails.  See Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir. 1994).

We thus affirm the district court's denial of Gray's § 2255 motion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.