# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-3845

_____

| | |
|---|---|
| Mahlon Calhoun Matheny, Jr., | * |
| | * |
| Appellant, | * |
| | * |
| v. | * |
| | * |
| Marvin Morrison, Warden FCI - | * |
| Forrest City (also originally sued | * |
| Paul Klein and Kim Hunter), | * |
| | * |
| Appellee. | * |

Appeals from the United States
District Court for the
Eastern District of Arkansas.

_____

No. 00-3893

_____

| | |
|---|---|
| James Donald Robinson, Jr., | * |
| | * |
| Appellant, | * |
| | * |
| v. | * |
| | * |
| Marvin Morrison, Warden, Federal | * |
| Correctional Institution, Forrest City, | * |
| Arkansas (originally sued as | * |
| Marvin Q. Morrison), | * |
| | * |
| Appellee. | * |

_____

Submitted: March 12, 2002

Filed: October 8, 2002
_____

Before McMILLIAN, HEANEY, and MORRIS S. ARNOLD, Circuit Judges.
_____

HEANEY, Circuit Judge.

Mahlon Calhoun Matheny, Jr., and James Donald Robinson, Jr. appeal the district court's[1] dismissal of their 28 U.S.C. § 2241 actions, in which they claimed that the Bureau of Prisons (BOP), through the Inmate Financial Responsibility Program (IFRP), illegally set the amount and timing of payments toward the financial obligations that are a part of their federal criminal sentences. The district court dismissed all claims without prejudice, finding that they should have been brought through a petition under 28 U.S.C. § 2255 in the district where sentence was imposed. Although the district court erred in dismissing the petitioners' claims regarding the BOP's execution of their sentences, we affirm the district court because the BOP's actions are not contrary to law.

Matheny was convicted by a jury in the United States District Court for the Northern District of Florida of various drug charges, and was sentenced to serve 112 months in prison, with five years supervised release. He was also directed to pay a fine of $15,000. The court ordered Matheny to pay the fine immediately, and to "pay any remaining fine balance on a payment schedule of not less than $260 per month with the first payment due within 30 days of the defendant's release from custody."

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

United States v. Matheny, No. 4:97CR00063-001, slip op. at 4 (N.D. Fla. June 13, 1998). While serving his sentence, the IFRP has deducted $25 from Matheny's prison earnings each month as payment toward his $15,000 fine. Matheny believes this program violates the court's order because his participation in the IFRP will have one of two outcomes: he will either repay his fine approximately one year and one month earlier than the sentencing court anticipated, or he will pay $210 a month during the period of his supervised release, not the $260 the court calculated during the sentencing hearing.[2] He is concerned that if he fails to pay exactly $260 a month for fifty-eight months, he will violate the terms of his supervised release, subjecting him to further incarceration.

In 1996, Robinson pled guilty to mail fraud as a principal and as an aider and abetter in the United States District Court for the Western District of Tennessee. He was sentenced to ninety-seven and a half months in prison, three years supervised release, and ordered to pay approximately $287,000 restitution. The sentencing court ordered that restitution be paid immediately, with special instructions that Robinson was required to make periodic payments against his restitution obligations equaling twenty percent of his gross pay during his supervised release. United States v. Robinson, No. 2:95CR20252-001, slip op. at 5 (W.D.Tenn. Nov. 27, 1996). Robinson was referred to the IFRP, through which the BOP began withdrawing $25 a month from his prison funds. He believes this payment scheme: 1) violates the district court's schedule of payments for his restitution; and 2) violates Article III of the United States Constitution because the court has delegated its sentencing power to the BOP.

_____

[2]If Matheny pays $2,800 toward his fine while incarcerated, he will still have to pay $12,200 when he is released. If he pays $260 a month, as the court had calculated, he will repay the loan in approximately 47 months. If Matheny makes 58 payments, as determined by the court, his monthly payment will be approximately $210.

A petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated; a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court. Bell v. United States, 48 F.3d 1042, 1043 (8th Cir. 1995); accord Alevras v. Snyder, No. 99-2467, 1999 WL 1059831 (8th Cir. Nov. 16, 1999) (holding interpretation of a sentencing court's ambiguous order was matter to be raised through a § 2255 motion for post-conviction relief district that imposed the sentence). Because Robinson's second claim–that the sentence imposed was an unconstitutional delegation of power–attacks the validity of the sentence, we agree with the district court that this claim must be brought through a § 2255 claim in Robinson's sentencing district.[3] The remaining claims of the petitioners challenge the IFRP's payment schedule for their respective financial obligations. These claims concern the execution of sentence, and are therefore correctly framed as § 2241 claims brought in the district where the sentence is being carried out. Therefore, the district court erred in holding it did not have jurisdiction on these claims.

Nonetheless, we conclude the petitioners are not entitled to relief. The Eighth Circuit has approved inmates' payment of fines through the IFRP. United States v. Turner, 975 F.2d 490, 498 (8th Cir. 1992) ("the District Court did not clearly err by concluding that Baker 'would be able to pay the fine assessed in the Inmate Financial Responsibility Program while working in [Unicor]'"). This circuit has not had the opportunity to address whether the BOP has the discretion to place an inmate in the IFRP when the sentencing court has ordered immediate payment of the court-imposed fine. Other circuits have resolved this issue. See McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999) (holding that where sentencing court imposed a fine and special assessment due "in full immediately," the BOP's payment schedule pursuant to IFRP did not conflict with sentencing court's immediate payment order); Montano-

---

[3]We emphasize that our decision in no way impedes Robinson's ability to bring this claim before a court in his sentencing district by way of a § 2255 petition.

Figueroa v. Crabtree, 162 F.3d 548, 550 (9th Cir. 1998) (holding that where the judgment sets only the amount of the fine and not the method of payment, defendant's fine is due immediately under 18 U.S.C. § 3572 (d)[4], and prisons have the authority to maintain work programs that require inmates to pay restitution).

Matheny's Schedule of Payments indicates that his fine was due "in full immediately." United States v. Matheny, No. 4:97CR00063-001, slip op. at 6 (N.D. Fla. June 13, 1998). The sentencing court contemplated that Matheny might make payments during his period of incarceration by indicating on the Special Conditions of Supervision form that Matheny was to "pay *any remaining fine balance* on a payment schedule of not less than $260 per month." Id. at 4 (emphasis added). Similarly, Robinson's Schedule of Payments form indicates that his restitution was due in full immediately, with the special instructions for any unpaid amount that remained during his period of supervised release. United States v. Robinson, No. 2:95CR20252-001, slip op. at 5 (W.D.Tenn. Nov. 27, 1996). His Schedule of Payments form also states that payments were expected during his incarceration, and that IFRP was a contemplated payee. Id.

It is evident that both appellants were instructed to begin to make payments immediately. The immediate payment directive is generally interpreted to require "'payment to the extent that the defendant can make it in good faith, beginning immediately.'" McGhee, 166 F.3d at 886 (quoting United States v. Jaroszenko, 92 F.3d 486, 492 (7th Cir. 1996)). We therefore hold that it is within the BOP's discretion to place appellants in the IFRP payment plan.

For the reasons cited above, we affirm the district court.

---

[4] Section 3572(d) states in relevant part, "[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless . . . the court provides . . . for payment in installments." 18 U.S.C. § 3572(d) (1994).

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.