UNITED STATES of America,
Plaintiff,

v.

Dwayne Richard FROSCH, f/k/a Frank
Dwayne Bayliff, Defendant.

Nos. 4:03–cr–00303, 4:98–cr–00130.

United States District Court,
S.D. Iowa,
Central Division.

July 17, 2007.

Debra L Scorpiniti, United States Attorney Des Moines, IA, for Plaintiff.

J. Keith Rigg, Attorney at Law, DEs Moines, IA, for Defendant.

### ORDER

PRATT, Chief Judge.

Before the Court is a letter, which the Court construes to be a motion, filed by the Defendant, Dwayne Richard Frosch. The Defendant attacks the Bureau of Prison's ("BOP") execution of his two consecutive sentences, apparently challenging the calculation and administration of his good time credit by the BOP. As explained below, the Court lacks jurisdiction to provide the requested relief, and, regardless, the motion is premature.

### I. FACTUAL BACKGROUND

On December 22, 1998, this Court sentenced the Defendant (then known as Frank Dwayne Bayliff) to a term of 150 months imprisonment, followed by five years supervised release, for kidnaping, in violation of 18 U.S.C. § 1201(a)(1). On November 22, 2004, the Court imposed an additional 46 month sentence on the Defendant for mailing threatening communications, in violation of 18 U.S.C. § 876(c), with the sentence to run consecutively to the kidnaping sentence.

The Defendant's two sentences of imprisonment represent the culmination of a series of events that requires only a brief summation for the purpose of the present motion. On September 13, 1997, the Defendant broke into his ex-wife's house, assaulted her, and forced her and her three children to travel with him to St. Louis, Missouri. The Defendant's parental rights had been permanently terminated prior to the kidnaping, and the couple's divorce decree contained a no-contact provision prohibiting the Defendant from contacting his ex-wife in any manner. Subsequent to his conviction for the kidnaping offense, the Defendant mailed letters that threatened to injure his ex-wife. This conduct resulted in the conviction for mailing threatening communications, and the imposition of an additional 46 month prison term to be served consecutive to the kidnaping sentence.

### II. DISCUSSION

#### A. *Jurisdiction and Venue*

The Defendant questions the BOP's authority and methodology for calculating credit received for good time served. Post-conviction motions attacking either the execution of a sentence or confinement that is not the result of a trial court's judgment must be brought in a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the defendant is incarcerated or in a regional BOP office. *See* 28 U.S.C. §§ 2241, 2255; *see also Matheny v. Morrison,* 307 F.3d 709, 711 (8th Cir.2002); *Dyer v. United States,* 23 F.3d 1424, 1426 (8th Cir.1994) (§ 2241 habeas petition is the proper vehicle for a prisoner's request for good-time and work-time credits to reduce length of imprisonment and must be brought in the district of incarceration). A prisoner may, however, attack a sentence on the ground that its imposition violates the constitution or federal law. *Bell v. United States,* 48 F.3d 1042, 1043–44 (8th Cir.1995); *see also Alevras v. Snyder,* 205 F.3d 1344, 1344, 1999 WL 1059831 (8th Cir.1999) (unpublished opinion) (§ 2241 attacks on the execution of a sentence must be brought in the district of incarceration, whereas challenges to the validity of a sentence itself must be brought under § 2255 in the district of the sentencing court). The Court reads the Defendant's letter to be an attack on the execution of his sentence by the BOP, not a challenge to the sentence itself. As such, the Defendant may only seek this type of relief through a § 2241 habeas petition, and he may only file such a petition in the federal court located in the district in which he is incarcerated, or

where a regional BOP office is located. This Court therefore lacks jurisdiction to provide the relief requested.

### B. *Exhaustion of Administrative Remedies*

■■■ Furthermore, even a district court of competent jurisdiction could not entertain the present motion because the Defendant has failed to show that he has exhausted all available administrative remedies. When sentencing criminal defendants, Federal District Courts do not determine the appropriate credit for time spent in official detention. *United States v. Wilson,* 503 U.S. 329, 333, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). Instead, this responsibility lies with the Attorney General, who has delegated the authority to the Bureau of Prisons. *See* 28 C.F.R. § 0.96 ("The Director of the Bureau of Prisons is authorized to exercise or perform the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or treatment of persons ... charged with or convicted of offenses against the United States...."). Moreover, the federal good time statute, 18 U.S.C. § 3624, makes clear that it is the Bureau of Prisons, not the district court, that determines whether a federal prisoner should receive good time credit. *See Gonzalez v. United States,* 959 F.2d 211, 212 (11th Cir.1992) ("Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit."). If a prisoner feels the Bureau of Prisons has unfairly denied credit toward the sentence imposed, the prisoner may pursue administrative review of the computation of the credit. *See Wilson,* 503 U.S. at 335, 112 S.Ct. 1351 (citing 28 C.F.R. §§ 542.10–542.16). Only after exhausting all administrative remedies, however, may the prisoner seek judicial review of the BOP's computation. *Id.* (citing *United States v. Bayless,* 940 F.2d 300, 304–05 (8th Cir. 1991)).

■■ In addition, as explained above, after exhausting all administrative appeals through the BOP, a prisoner must file a motion concerning administration or calculation of sentences in either the district of confinement or the regional BOP office. *Matheny,* 307 F.3d at 711. Federal regulations afford federal prisoners administrative review of the computation of their credits.[1] *See* 28 C.F.R. § 542. The Defendant's motion, while implying that he has sought some assistance from prison administrative staff in clarifying the matter, does not demonstrate that he has exhausted all administrative remedies available to him through the Bureau of Prisons.[2] Only after exhausting these

---

1. First, the Defendant must attempt an informal resolution of the grievance. If dissatisfied with the outcome of informal resolution, the Defendant may initiate the formal administrative remedy process with the Bureau of Prisons. To do so, he must first file for an administrative remedy at the institutional level. *See* 28 C.F.R. § 542.18. If dissatisfied with the result obtained at the institutional level, he may proceed to seek relief from the Regional Director of the Bureau of Prisons. *See* 28 C.F.R. § 542.15. If in turn dissatisfied with the Regional Director's decision, the Defendant may then file with the Central Office of the Bureau of Prisons. *Id.* Once the Defendant has received a response from the Bureau

of Prison's Central Office, he will have exhausted the available administrative remedies. *See* 28 C.F.R. § 542.18.

2. The Defendant apparently contends that the BOP is not authorized to make good time forfeiture determinations; a contention that implicates the following statutory and regulatory framework. First, 18 U.S.C. § 3624(b), provides, in pertinent part, that:

(1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than one year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the

remedies may the Defendant seek review of the Bureau of Prison's computation in a district court of proper jurisdiction.

## III. CONCLUSION

Accordingly, because the Court lacks jurisdiction over the matter, the Defendant's motion must be DENIED at this time. The Court hereby orders that this matter be DISMISSED WITHOUT PREJUDICE. After exhausting all remedies available through the Bureau of Prisons, the Defendant may re-file an appropriate petition within a district court of competent jurisdiction seeking relief to which he may be entitled regarding the issues raised in this motion.

IT IS SO ORDERED.

service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to the determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

.    .    .    .    .

(2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act shall vest *on the date the prisoner is released from custody.*

*Id.* (emphasis added). Section 3624(b) affirms the well-established principle that the right to a good time allowance is contingent until the time arrives that its allowance will end imprisonment. Second, 28 C.F.R. § 541.13, which sets forth various "prohibited acts" and identifies specific sanctions for each category, provides that "[t]he Discipline Hearing Officer (DHO) shall impose and execute one or more sanctions A through E . . . for a PLRA inmate (i.e., an inmate who has been sentenced for an offense committed on or after April 26, 1996)" (*id.* § 541.13(a)(1)), and sanction B, found at § 541.13, Table 4, subpart 1(b), authorizes forfeiture of "earned statutory good time, non-vested conduct time, and/or terminat[ion] or disallow[ance] of extra good time."